[No. 20602.  Department One.  June 27, 1927.]

PAUL BALMER, *Respondent*, v. GREEN MEADOW CHEESE FACTORY AND DAIRY COMPANY, *Appellant*.[1]

[1] COSTS (65)—ON APPEAL—MODIFICATION OF JUDGMENT. A slight oversight in miscalculating the period of time of respondent's employment, resulting in a deduction of $53.33 from a judgment of $690.08 for wages, not called to the attention of the trial court, will not entitle the appellant to costs, on modifying the judgment on appeal.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered January 6, 1927, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*F. M. Bond,* for appellant.

*John S. Lynch,* for respondent.

MITCHELL, J.—The plaintiff worked for the defendant or its predecessor for nearly two years, first as assistant and then as head cheese maker. He quit work for the defendant on August 26, 1926, and thereafter brought this action to recover $1,016.75, which he alleged was the balance due him for his services. The defendant denied all indebtedness and filed cross-complaints against plaintiff: First, claiming damages in

¹Reported in 257 Pac. 624.

the sum of $702.60 because of an inferior grade of cheese alleged to have been negligently and purposely made by the plaintiff; and second, to recover $77.90, money collected by the plaintiff from the sales of cheese it was alleged he had not accounted for. The allegations of the cross-complaint were denied. On the trial of the case, findings, conclusions and judgment were entered in favor of the plaintiff in the sum of $690.08 and costs. The defendant has appealed.

Some of the cheese made by the respondent during July and August, 1926, was not quite up to standard, but the proof shows that the manager and president of the appellant corporation, an experienced cheese maker, had, and almost daily, exercised personal supervision over the respondent in making the cheese. The respondent testified that the trouble arose because of the quality of the milk and the lack of a tester used in the process of making a different kind of cheese that was manufactured during those months. The firm of jobbers or wholesalers who purchased the cheese, and who had handled nearly all of the output of this factory for more than ten years, testified that they had purchased similarly defective cheese from the appellants at times prior to the time respondent worked for appellant and that such things are liable to happen with any cheese maker. The facts and circumstances upon which it was claimed that the respondent purposely made poor cheese, spoken of by the trial court as very weak and insufficient to sustain the charge, we think hardly amounts to proof at all and are of the opinion that what there was of it was denied in substance and effect or categorically.

While working for the appellant the respondent occasionally made cash sales of cheese as a matter of accommodation to transients visiting the cheese factory, in the total sum of approximately the amount

charged in the second cross-complaint. But the trial court decided, upon the evidence, that all of it had been accounted for and paid over by respondent.

[1] The case involves only questions of fact upon which there was considerable conflict in the evidence, and in our opinion the evidence preponderates in favor of the findings of the trial court, with one exception. Inadvertently the trial court found that the respondent commenced work for the appellant on September 6, 1924, while the proof very clearly shows that he commenced work on September 26, 1924. Respondent's wages at that time were eighty dollars per month. The judgment against the appellant should have been $53.33 less than it was. Before the findings and judgment were entered, however, a memorandum opinion by the trial judge containing this oversight as to date was furnished respective counsel and the oversight was not called to the attention of the trial court by the appellant in any way, for which reason the slight modification of the judgment required will not affect costs on the appeal.

The cause is remanded to the superior court with directions to modify the judgment as above mentioned.

Mackintosh, C. J., Main, French, and Fullerton, JJ., concur.